UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JAMES NOVAK,<br><br>Defendant-Appellant. | No. 1:20-cr-00230-ADA-1<br><br>STATEMENT OF DECISION AND ORDER REGARDING APPEAL FROM MAGISTRATE JUDGE DECISION<br><br>(ECF Nos. 16, 24) |

    The Court sentenced Appellant James Novak ("Appellant") to twenty-four (24) months of unsupervised probation and obligated him to pay a fine of $1,200, after he pled guilty to violating 36 C.F.R. §§ 4.2(b), 4.21(c), and California Vehicle Code § 14601.2(a) on November 19, 2020. (ECF No. 15.) Appellant was previously convicted of first-degree burglary in violation of California Penal Code § 460(a) on June 20, 2019, and convicted for driving under the influence in violation of California Vehicle Code § 23152(a) on August 9, 2019. (ECF No. 19 at 15.) On December 3, 2020, Appellant appealed. (ECF No. 16.) On February 1, 2021, Appellant filed an opening brief. (ECF No. 24.) The United States did not respond.

    On appeal, Appellant argues that the Magistrate Court improperly considered Appellant's socioeconomic status in determining his sentence when the Court imposed a twenty-four (24) month term of probation, which exceeded the parties' recommendation of a twelve (12) month

term of probation. (ECF No. 24 at 2, 4.) A Magistrate Judge considering an improper factor may constitute a procedural error. *See U.S. v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). Appellant argues that Appellant's socioeconomic status is an improper factor, and that the Magistrate Judge relied on such factor to impose an increased penalty. (ECF No. 24 at 4.)

We disagree and affirm the sentence.

## I.     STANDARD OF REVIEW

An appeal from a criminal conviction imposed by a magistrate judge must be first brought in the district court before prosecution in the court of appeals. 18 U.S.C. § 3402. The scope of the appeal from a magistrate judge's judgment is the same as in an appeal to the court of appeals from a district judge's judgment. Fed. R. Crim. P. 58(g)(2)(D). Accordingly, the "reasonableness" abuse-of-discretion standard of review is appropriate for sentencing decisions. *See Gall v. U.S.*, 552 U.S. 38, 46 (2007); *U.S. v. Booker*, 543 U.S. 220, 261 (2005). A sentence is "reasonable" when it is "sufficient, but not greater than necessary" to comply with the sentencing objectives set forth in 18 U.S.C. § 3553(a), which is a part of the Federal Sentencing Guidelines ("Guidelines"). *Booker*, 543 U.S. at 261; *see also* 18 U.S.C. §§ 3553(a), 3742(e).

Only a procedurally erroneous or substantively unreasonable sentence will be set aside. *U.S. v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). In reviewing a sentence, the court first considers whether the magistrate committed significant procedural error, and then considers the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. A procedural error occurs when a court improperly treats the Guidelines as mandatory, instead of advisory; fails to consider the section 3553(a) factors; determines a sentence based on clearly erroneous facts; or fails to adequately explain the sentence selected. *Id.* To determine substantive reasonableness, the court considers the totality of the circumstances, including the extent of any variance from the Guidelines. *Id.* For a non-Guidelines sentence, the court gives due deference to the magistrate's decision that section 3553(a) factors justify the extent of the variance. *Id.* The court may not reverse a sentence merely because the court believes a different sentence is appropriate. *Id.*

///

///

## II. THE MAGISTRATE JUDGE DID NOT COMMIT A PROCEDURAL ERROR IN SENTENCING APPELLANT.

Appellant relies on *Bearden v. Georgia*, where the Supreme Court held that a state may not revoke probation and thereby incarcerate a defendant based solely upon non-willful failure to pay a fine or restitution. 461 U.S. 660, 672. Appellant further relies on *United States v. Parks*, where the court found that the defendant may have received an additional eight months of incarceration due to a non-willful failure to pay his fines and costs. 89 F.3d 570, 572 (9th Cir. 1996). The *Parks* court illustrated that imposing a longer sentence of incarceration deprives a defendant of freedom. *Id.* at 572. While incarceration serves the aim of punishment, probation fulfills rehabilitative ends, assisting individuals transition to community life. *See U.S. v. Johnson*, 529 U.S. 53, 59 (2000). Accordingly, the extension of a probation term is distinct from the extension of a prison term. *U.S. v. Ortiz*, 733 F.2d 1416, 1418 (10th Cir. 1984). Because probation is fundamentally different from incarceration, the holding in *Bearden* does not apply to a court's decision to extend probation. *Parks*, 89 F.3d at 572 n.4 (citing to *Ortiz*, 733 F.2d at 1418).

Unlike *Bearden* and *Parks*, the Magistrate Judge did not revoke Appellant's probation and incarcerate him based on his financial status. Furthermore, Appellant's sentence is a term of unsupervised probation, not incarceration, so Appellant is not deprived of his freedom in a similar way as an incarcerated individual. Therefore, the reasoning in *Parks* and *Bearden* is inapplicable and unpersuasive.

Rather, the Court did not abuse its discretion when it imposed a fair and reasonable term of probation at Appellant's initial sentencing hearing, using section 3553(a) factors as a guide. First, the Magistrate Judge considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In the transcript, the Magistrate Judge states, "I am mindful of the standards under 3553, which includes [] promoting respect for the law, sentencing under similarly-situated defendants." (ECF No. 19 at 19.) Second, the Magistrate Judge considered "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. §

3553(a)(2)(B); (ECF No. 19 at 19.)  Third, the Magistrate Judge considered "the nature and circumstances of the offense and the history and characteristics of the defendant," including Appellant's criminal history.  18 U.S.C. § 3553(a)(1); (*see* ECF No. 19 at 19-20.)

Appellant also relies on *Tate v. Short*, 401 U.S. 395, to support that considering a defendant's indigency status is improper.  (Doc No. 24 at 4.)  In *Tate*, the Supreme Court held that the Fourteenth Amendment prohibits the imposition of a jail sentence as an alternative to a monetary penalty for an indigent defendant.  *Tate*, 401 U.S. at 398-399.  The Court reasoned that the Constitution prohibits automatically converting a fine into a jail sentence solely because the defendant is indigent and unable to pay the fine.  *Id.* at 388.

*Tate* is distinguishable from Appellant's case because Appellant did not fail to pay his fine, but only mentioned that "it would be difficult for him to change his fixed income" to manage a higher fine in comparison to the already agreed-upon fine by the parties.  (ECF No. 19 at 18.)  During his sentencing hearing, Appellant explained that he has a full-time job and could pay the fine if provided a payment plan.  (*Id.*)  A payment plan was provided.  (*Id.* at 20.)  Unlike *Tate*, the Magistrate Judge did not convert the fine into a jail term.  Again, probation is fundamentally different from incarceration.  *Parks*, 89 F.3d at 572 n.4.  Rather, the Magistrate Judge determined the sentence upon further inquiry into relevant factors in section 3553(a), including Appellant's previous criminal history.  (*See* ECF No. 19 at 20.)  For example, the Magistrate questioned Appellant's counsel as to why Appellant, who has a criminal history, should be "given a break" when other defendants with no criminal history must pay higher fines.  (ECF No. 19 at 17, 18.)  Therefore, the Magistrate Judge did not abuse his discretion and properly relied on the factors in section 3553(a), and did not consider Appellant's indigency in his determination.

Lastly, Appellant cites to *Williams v. Illinois*, where the Supreme Court held that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status."  399 U.S. 235, 244.  However, the Court does not hold that a sentencing judge cannot exercise discretion in determining a defendant's sentence relative to the statutory ceiling.

1      Here, the Magistrate Judge did not change the statutory ceiling placed on Appellant.
2  During the sentencing hearing, the Magistrate Judge stated, "the maximum statutory penalty
3  associated with the plea to both of these counts 1 and 2 is six months imprisonment, a $5,000
4  fine, $10 special assessment, and a $30 processing fee as to each." (ECF No. 19 at 6:10-13.)
5  There is no indication that the Magistrate Judge considered a different statutory ceiling for
6  Appellant.

7      Overall, the record supports that the Magistrate Judge did not abuse his discretion in the
8  determination of Appellant's sentence.  The Magistrate Judge properly considered section
9  3553(a) factors and did not improperly treat section 3553(a) factors as mandatory.  Furthermore,
10 the Magistrate Judge did not consider clearly erroneous factors or fail to adequately explain the
11 sentence selected.

12     Therefore, the Court finds that the Magistrate Judge did not commit procedural error in
13 sentencing Appellant.

### III.   THE MAGISTRATE JUDGE DID NOT COMMIT SUBSTANTIAL ERROR IN SENTENCING APPELLANT.

16     Appellant argues that "[f]or the same reasons that the court's sentence was procedurally
17 flawed, it also fails to meet the applicable substantive reasonableness standard." (ECF No. 24 at
18 6.) Given that the Court finds that the Magistrate Judge did not commit procedural error in
19 sentencing Appellant, the Court also finds that the Magistrate Judge did not commit substantive
20 error in sentencing Appellant for the same reasons above.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. CONCLUSION

Given the analysis above, the Court finds that the Magistrate Judge did not abuse his discretion in sentencing Appellant and thereby affirms Appellant's sentence.

Accordingly,

1. The judgment by the Magistrate Judge, (ECF No. 14), is AFFIRMED.

IT IS SO ORDERED.

Dated:   September 28, 2022            _____
                                       UNITED STATES DISTRICT JUDGE